Smith vs. The City of Milwaukee.

---

## SMITH VS. THE CITY OF MILWAUKEE. ·

Where a lot in Milwaukee had been assessed for the amount of a street commissioners' certificate for work done in improving said lot under a contract with the city, and had been sold for the non-payment of such assessment, and the owner had brought an action to which the city and its treasurer, and one K. (who was alleged to be the holder of said street commissioners' certificate) were made defendants, and had obtained a judgment setting aside the certificate of sale of said lot (which was held by the city), and restraining the city and its treasurer from issuing any tax deed thereon: *Held*, that a person who was not a party or privy to such action was not bound by the judgment, but, if in possession of the street commissioners' certificate by title derived from K. prior to the commencement of said action, had the same right as if such judgment had never been rendered, to return such certificate to the city treasurer for cancellation, and demand that the certificate of sale be assigned and a deed of the lot issued to him.

The city and its treasurer were not the real parties in interest in the former action, and were bound by the judgment only to abstain from issuing a deed to the other defendant, or any person claiming under him after the commencement of the action.

APPEAL from the County Court of *Milwaukee* County.

Lot three in block 83 in the city of Milwaukee was sold by the treasurer of said city, January 28, 1856, for the non-payment of a sum assessed against the same in 1855, in pursuance of a street commissioners' certificate issued to Allison, Lewis & Co. for work done in filling said lot under contract with the city. At the sale the city became purchaser, and still held the certificate of sale at the commencement of this action. The street commissioners' certificate was duly indorsed and transferred by Allison, Lewis & Co. to Austin & Thompson, and by them to one Knab, and by him, on the 22d of September 1858, to one Taylor, and by him subsequently to the plaintiff. In January, 1859, Rogers, the owner of said lot, brought an action in the circuit court of said county against the *City of Milwaukee*, the then treasurer thereof, and said Knab, to set aside said certificate of sale and perpetually restrain the city and its treasurer from executing a tax deed upon the same; and judgment accordingly was taken by default against all the defendants in said action, April 22d, 1861. Afterwards the plaintiff herein, *Smith*, brought the present suit, alleging in his complaint the above facts, among others; and further alleged that the defendant had, as it well knew at the time, a complete defense against the suit of Rogers above mentioned, but neglected to appear and defend the same; that said Taylor had been the owner and holder of said street commissioners' certificate for several months prior to the commencement of said suit, and remained the owner thereof until he sold and transferred it to the plaintiff herein; that neither Taylor nor this plaintiff ever had any notice or knowledge of said suit by Rogers, or of the judgment rendered therein, until August, 1862; that the time for appealing from said judgment, or moving to set it aside, had expired; that plaintiff had presented said street commmissioners' certificate to the treasurer of the defendant, and tendered him the legal fees, and demanded that he deliver to plaintiff said certificate of sale properly assigned,

and that he also execute to the plaintiff a tax deed thereon, but said treasurer refused, on account of said injunction, to receive for cancellation said street commissioners' certificate, or to assign said certificate of sale, or to execute to plaintiff such deed; to the plaintiff's damage $2,000, for which he demands judgment.

The defendant demurred to the complaint as not stating a cause of action, and appealed from an order overruling the demurrer.

*Jas. G. Jenkins*, City Attorney, for appellant.
*Butler & Cottrill*, for respondent.

*By the Court*, DIXON, C. J. The plaintiff, who held the street commissioners' certificate at the time of the judgment, and Jonathan Taylor, who was the holder at the commencement of the action of *Rogers v. Schwarting, Treasurer &c., and Knab*, are strangers to that cause, and not bound by the judgment. As to the plaintiff, therefore, there is no obstacle in the way of the present treasurer accepting a surrender of the street commissioners' certificate, transferring to the plaintiff the certificate of sale, and executing and delivering to him the proper tax deed. But it is insisted, and this for the plaintiff, that as the treasurer and the city were parties to the action, they are perpetually restrained from executing and delivering a tax deed, whether the appellant is a party or privy or not; and hence that the plaintiff is without remedy except by action against the city for damages. This, it seems to us, is giving too much latitude to the operation of the judgment, and overturns, in effect, the principle which lies at the foundation of all estoppels by judgment. The plaintiff is not bound because he is neither party nor privy, and yet he is bound because some third person, nominally connected with the action, and through whom he must work out his rights, but who was not authorized to represent or conclude him, was a party. We say nominally connected with the action, because it is obvious that

neither the city nor the treasurer had the slightest interest in the result of the controversy. I doubt myself whether under any circumstances they ought to be required to appear and litigate in cases of the kind. It is enough that they are joined in the action, so that the real parties in interest, through them, can secure the relief to which in law they are entitled. They are the mere conduit or channel through which the rights of the parties in interest are to be obtained—the depositaries of a power to be exercised in behalf of such parties, and such parties alone. Regarding them in this light, how can their powers be abridged or their duties varied by the decision of a court of law or equity in an action to which the person in interest is not a party, and by which his rights are not affected ? Is a judgment wholly inoperative upon the person in interest, to be considered operative and binding against them ? Can the merely nominal parties be bound, whilst the real parties to the controversy remain wholly unbound ? As the agent of the plaintiff, the holder of the street commissioners' certificate, how can the powers or duties of the city or treasurer in this behalf be modified or abated by a judgment rendered at the suit of Rogers against Knab ? It seems to us that these things cannot be, and that the difficulties about the judgment are fairly obviated by limiting its operation to parties and privies to the action in which it was rendered, regarding as parties only those persons joined in the action who have an active interest in the litigation. That is to say, that the city and its treasurer are restrained from issuing the tax deed to Knab, or any person claiming title to the street commissioners' certificate under him subsequent to the commencement of the action ; but that as to any person having superior title, their powers and duties are unchanged. This gives full operation to the injunction. It makes its operation co-extensive with that of the judgment to which it is a mere adjunct or ancillary process ; and, if the judgment fails for want of proper parties or other cause, the injunction fails also, as in reason and justice

it ought. We think, therefore, upon the facts stated in the complaint, that the present treasurer is not restrained from accepting a surrender of the street commissioners' certificate from the plaintiff, nor from transferring to him the certificate of sale, or executing and delivering the tax deed; and that, upon proper application, if he refuses, he may be compelled to do so by writ of *mandamus*.

It follows from these views that it was error to overrule the demurrer. It appears upon the face of the complaint that the plaintiff has ample means of redress without resort to this action, which his counsel admits cannot be maintained if the more direct remedy prescribed by law still exists.

Judgment reversed, and cause remanded for further proceedings according to law.